

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00414-CR

JOBY MANUEL MUNIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19886-1503, Honorable Kregg Hukill, Presiding

June 25, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Joby Manuel Muniz appeals the trial court's judgment revoking his community supervision and sentencing him to five years' confinement for the offense of possession of a controlled substance in an amount of one gram or more but less than four grams.[1] Appellant's brief was originally due April 12, 2019. We subsequently granted appellant's counsel two extensions to file a brief until May 28, 2019. By letter of

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

June 4, 2019, we notified appellant's counsel that the brief was overdue and directed him to file a brief by June 14. We also admonished counsel that failure to file a brief by this deadline would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. *See* TEX. R. APP. P. 38.8(b)(2), (3). To date, appellant's counsel has not filed a brief and we have received no further communication from him.

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule of Appellate Procedure 38.8(b). On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant's counsel has abandoned the appeal;

4. why a timely appellate brief has not been filed on behalf of appellant;

5. whether appellant has been denied the effective assistance of counsel;

6. whether new counsel should be appointed; and

7. if appellant desires to continue the appeal, the date this court may expect appellant's brief to be filed.

Should the trial court determine that appellant desires to prosecute the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court shall appoint new appellate counsel. The name, address, e-mail address, telephone number, and state bar number of any newly-appointed counsel shall be provided to the clerk of this court in an order of the trial court.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects and shall cause to be developed (1) a supplemental clerk's record containing the findings of fact and conclusions of law and (2) a supplemental reporter's record transcribing any evidence and argument presented. The trial court shall also cause the record containing the court's findings and conclusions and any hearing record to be filed with the clerk of this court on or before July 25, 2019.

It is so ordered.

Per Curiam

Do not publish.